# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**SHAHIYDULLAH A. BINRAYMOND,**

    **Defendant.**

Case No. 2:21-cr-120
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Shahiydullah Binraymond's Expedited Motion for Compassionate Release ("Motion"). (ECF No. 74.) For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On March 26, 2022, Defendant pleaded guilty to Mail Fraud, in violation of 18 U.S.C. § 1341. (Plea Agreement, ECF No. 53.) Defendant appeared for sentencing on August 8, 2022. (Sentencing Minute Entry, ECF No. 65.) This Court sentenced Defendant to a 44-month period of incarceration followed by a three-year term of supervised release. (*Id.*)

On June 21, 2023, Defendant, proceeding *pro se*, filed an "expedited" motion for compassionate release. (ECF No. 74.) This Motion now sits before the Court.

### II. STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).

1

Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist,

the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III. DISCUSSION

Defendant moves the Court for a compassionate release. There is no dispute that Defendant has satisfied the administrative exhaustion requirement. Defendant submitted his request for compassionate release to the warden at his institution, and it was denied on May 26, 2023. (Ex. 1.1 to Def.'s Mot., ECF No. 75.) Accordingly, the Court has jurisdiction to consider Defendant's Motion.

Defendant seeks compassionate release so that he can pursue a master's degree at Eastern Kentucky University ("EKU"). Defendant represents that EKU has accepted Defendant into its Criminal Justice Policy & Leadership Graduate Program, beginning on August 14, 2023. (Mot. at 4, ECF No. 74; Admission Letter, ECF No. 75.) However, Defendant is not projected to be released to a residential reentry center until October 2023, and therefore, because he will still be incarcerated when his graduate program is set to begin, he will be unable to attend. (Mot. at 4, ECF No. 74.) If Defendant remains incarcerated, he may lose his admissions status, which would require him to repeat the admissions process and delay his studies by another year.[1] (*Id.* at 9.)

As an initial matter, the Court commends Defendant's efforts and his drive to pursue higher education. In Defendant's own words, he has been "tenaciously relentless and persistent in his endeavor to pursue a master's degree." (*Id.* at 8.) His determination to succeed in the face of

---

[1] Defendant represents that EKU only offers the core courses for its Criminal Justice Policy & Leadership Graduate Program during fall semester. (Mot. at 9, ECF No. 74.) Because these core classes are unavailable during the spring or summer terms, Defendant's next opportunity to begin the graduate program would be fall semester 2024.

3

adversity will serve him well upon his eventual release. But the Court will not modify his sentence today.

The Court proceeds directly to the § 3553(a) factors and denies relief because those factors weigh heavily against Defendant's release. *See United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (explaining that a district court may deny compassionate release if defendant fails to show *either* a lack of extraordinary and compelling circumstances or that the § 3553(a) factors weigh in favor of release). During Defendant's sentencing, the Court carefully considered the § 3553(a) factors, and the Court determined, based on those factors, that the appropriate sentence for Defendant's offense was 44 months. The Court's initial assessment of the § 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). To warrant a reduction, Defendant must "make a compelling case as to why [this Court's] § 3553(a) analysis would be different if conducted today." *Id.*

Defendant has failed to make such a case. Indeed, Defendant's Motion only mentions the § 3553(a) factors in passing, briefly noting that (1) the Court described Defendant's history as "very unusual" during his sentencing, and (2) the Court's weighing of the § 3553(a) factors promotes fairness when making sentencing decisions. (Mot. at 7, ECF No. 74.) And while not specifically argued within the section-3553(a) context, Defendant's Motion suggests that both his educational pursuits and the unusual procedural history of his prosecution tip the § 3553(a) factors in his favor.

The Court, however, remains convinced that the § 3553(a) factors weigh against early release. First, the serious nature and circumstances of Defendant's offense counsel strongly against compassionate release. *See* 18 U.S.C. § 3553(a)(1). As the Court emphasized when it sentenced

Defendant, he carefully orchestrated a fraud scheme designed to the steal the home in which his victims were living. (Tr. 27:10-21, ECF No. 73.) In carrying out this scheme, Defendant researched the victims' properties, created fake business entities, set up bank accounts, drafted letters and fake deeds, recorded these fake deeds, posed as an agent of the Franklin County Treasurer, and attempted the sale of a victim's property. (*Id.*; *see also* PSR at 5-7, ECF No. 61.) The targeted properties were valued at over one million dollars. (Tr. 27:18, ECF No. 73.)

Second, Defendant's history and characteristics also weigh against early release. *See* 18 U.S.C. § 3553(a)(1). The Court looks favorably on the fact that Defendant graduated from college with an excellent GPA and intends to continue his education. The Court also applauds Defendant for engaging in programming while incarcerated. However, the Court cannot turn a blind eye to Defendant's violent criminal history. This history includes adult criminal convictions for armed bank robbery, use of a firearm during a crime of violence, forgery, receiving stolen property, providing false statements in the acquisition of a firearm, theft by deception, being a felon in possession of a firearm (twice), and passing bad checks. (PSR at 12-17, ECF No. 61.)

Defendant makes much of the procedural history of his offense in arguing that early release is appropriate. Defendant asserts that the Government's decision to bifurcate his prosecutions resulted in a "missed opportunity" to receive earned time credit under the First Step Act while also increasing his Male Pattern Risk Score.[2] (Mot. at 6, 8-9, ECF No. 74.) But the unusual procedural history of Defendant's case is something the Court considered when it originally sentenced Defendant. The Court acknowledged that the bifurcation of these prosecutions, which resulted in multiple stints in the BOP, was "an unfortunate consequence, and it's certainly one [the

---

[2] At the time the Court sentenced Defendant, he had already served a 30-month term of incarceration for unlawfully possessing a firearm that law enforcement recovered during the investigation of Defendant's fraud offense. Rather than prosecute the gun and firearm offenses together, the Government opted to prosecute them separately.

5

undersigned] will consider in crafting the right sentence." (Tr. 24:15-18, ECF No. 73.) Furthermore, the Court recognized that the bifurcation of these prosecutions disrupted Defendant's stay in the BOP and limited some of the programs that could have been available to him. (*Id.* at 25:3-7.) Thus, when the Court sentenced Defendant to a 44-month period of incarceration, the consequences of the bifurcated prosecutions were baked into the equation.

The Court also reiterates its position on the need to protect the public and deter similar criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Finally, the Court has also carefully considered the other § 3553(a) factors and has determined that none of them overcome the factors weighing heavily against early release.

For all these reasons, Defendant's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Expedited Motion for Compassionate Release is **DENIED**. (ECF No. 74.)

**IT IS SO ORDERED.**

**6/23/2023**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**